UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 21-cr-20122-ALTMAN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**
        **v.**

**JOHNNY WATSON,**

    **Defendant.**
    _____/

**UNITED STATES OF AMERICA'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The United States, through the undersigned attorney, hereby files these objections to the Presentence Investigation Report.

**I.    ARGUMENT**

The United States objects to the Presentence Investigation Report ("PSI Report"), specifically paragraphs 23, 30, and 31.[1] The United States objects to paragraphs 23 and 31 due to the PSI Report's failure to include a minor role adjustment for the defendant pursuant to Section 3B 1.2 of the United States Sentencing Guidelines ("U.S.S.G."). The United States objects to paragraph 30 due to the PSI Report's failure to include an enhancement for the criminal conduct involving vulnerable victims pursuant to Section §3A1.1(b)(1) of the U.S.S.G.

**Objection To PSI Report Paragraphs 23 and 31**

The United States objects to paragraphs 23 and 31 due to the PSI Report's failure to include a minor role adjustment for the defendant pursuant to Section 3B 1.2 of the U.S.S.G. In the plea

---

[1] The United States is filing this objection late as undersigned counsel was traveling abroad for work purposes the week of November 29, 2021 and was attempting to resolve the objections to paragraphs 23 and 31 with U.S. Probation informally.

agreement entered into by the United States and the defendant, the United States stated that she would "recommend that the defendant should receive a two-level decrease as a minor participant in the offense, pursuant to Section 3B 1.2 of the Sentencing Guidelines." [DE 36 at ¶7(a).] The defendant was involved in a conspiracy to commit mail fraud in which the defendant and his co-conspirators took advantage of elder victims to convince the elder victims to send cash to various addresses under the belief that they had a relative in distress that needed the cash for legal reasons. Unidentified co-conspirators, believed to be located in New York or Canada, would call the vulnerable victims to convince them that they had a relative in distress who needed cash mailed to them as soon as possible. The defendant, along with a co-conspirator, were involved in picking up the packages containing the cash that the vulnerable victims sent. While the defendant and that same co-conspirator were together picking up or attempting to pick up several packages containing cash from elder victims, from a review of phone records, it appears that the co-conspirator was consistently in contact with another unidentified co-conspirator prior to picking up the packages. As such, the United States supported recommending that the defendant receive a minor role adjustment for his involvement in this criminal offense. While the United States recognizes that in paragraphs 7 and 8 of the plea agreement both parties acknowledged that the recommendation would not binding on the probation office or the Court, as the United States agreed to recommend that the defendant receive a minor role adjustment for his involvement in the criminal offense, the United States objects to paragraphs 23 and 31 of the PSI Report.

The United States has discussed this objection with counsel for the defendant and the defendant joins in this objection for the reasons stated above.

### Objection To PSI Report Paragraph 30

The United States objects to paragraph 30 due to the PSI Report's failure to include an enhancement for the criminal conduct involving vulnerable victims pursuant to Section §3A1.1(b)(1) of the U.S.S.G. The victims in this case are all elderly individuals who were scammed into believing that they had a relative in distress and that the relative needed cash sent to them or a lawyer at an address in the Miami, Florida area as outlined in the Factual Proffer entered into by the defendant in this case, [DE 34-1], and paragraphs 13 through 22 of the PSI Report, [DE 39 at ¶¶ 13-22]. Victim C.E. is an 82-year-old woman who lives in Simi Valley, California. Victim C.C. is 84 years old and Victim F.C. is 88 years old. Victims C.C. and F.C. are a married couple who live in San Antonio, Texas. J.A., 69 years old, and M.F., 78 years old, are a married couple who live in Bethesda, Maryland. N.B. is an 82-year-old woman who lives in Cedar Grove. Indiana. These victims were targeted because of their age, mental condition, and unusual vulnerability and the defendant should have known that the victims of his criminal conduct were elderly.

The vulnerable victim enhancement of the U.S.S.G. applies "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1) (2021). Application note 2 to U.S.S.G. § 3A1.1(b)(1) states:

> For purposes of subsection (b), "vulnerable victim" means a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct.
>
> Subsection (b) applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability. The adjustment would apply, for example, in a fraud case in which the defendant marketed an ineffective cancer cure or in a robbery in which the

> defendant selected a handicapped victim. But it would not apply in a case in which the defendant sold fraudulent securities by mail to the general public and one of the victims happened to be senile. Similarly, for example, a bank teller is not an unusually vulnerable victim solely by virtue of the teller's position in a bank.

U.S.S.G. § 3A1.1(b)(1) cmt. n.2 (2021).

The victims of the conspiracy to commit mail fraud of which the defendant was a conspirator are all elderly and were victimized because of their age, mental condition, and their unusual vulnerability to fall victim to a scheme in which people pretended to be their relatives who are in distress and need cash. *United States v. Sims*, 329 F.3d 937 (7th Cir. 2003) ("Elderly victims satisfy the requirements of § 3A1.1(b)(1), especially when their financial investments and financial security are at issue."). The fact that all elderly people were targets of phone calls where individuals pretended to be relatives in distress in the need of cash sent to them in packages in the Miami, Florida area, and those victims actually sent the packages, and sometimes multiple packages, to these random addresses shows that the victims were "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct," and were taken advantage of because of their age and mental condition. U.S.S.G. § 3A1.1(b)(1) cmt. n.2 (2021); *see United States v. Robinson*, 152 F.3d 507 (6thCir. 1998) (finding that repeated victimization supported upward enhancement under U.S.S.G. § 3A1.1(b)(1) against unusually vulnerable victims).

Victim N.B. sent four packages containing cash to addresses hoping to help a relative in distress, one to an address in Tennessee, one to an address in Hialeah, Florida, one to an address in Miami, Florida, and one to an address in Coral Gables, Florida. [DE 39, PSI Report at ¶19.] The cash in the packages totaled $42,000. *Id.* Victims J.A. and M.F. sent two packages containing cash to addresses hoping to help a relative in distress. [DE 39, PSI Report at ¶13.]

The first package, containing $12,000, was sent to Coral Gables, Florida, and when the delivery of that package was delayed due to weather, the defendant's co-conspirators convinced J.A. and M.F. to send a second package, again containing $12,000, to Paterson, New Jersey.  *Id.*  The repeated victimization of N.B., J.A. and M.F., support the evidence that the victims in this criminal conspiracy were chosen due to their age and mental condition, which made them unusually vulnerable.

The primary question is whether the defendant knew or should have known that the victims of his crime were "vulnerable victims.   U.S.S.G. § 3A1.1(b)(1).   The evidence admitted to in the Factual Proffer, [DE 34], and outlined in the PSI Report, [DE 39], proves by a preponderance of the evidence that the defendant knew or should have known that the victims of his criminal conduct were vulnerable victims.   The defendant was not involved in retrieving just one package containing cash sent to random addresses in the Florida that were either empty or supposed to be empty with the packages being addressed to people who did not live at those addresses – he was involved in retrieving or attempting to retrieve **four** such packages.   [DE 34 at 5; DE 39, PSI Report at ¶21.]   This includes one instance in which the defendant lied to the parcel delivery person who had one such package on February 10, 2021 by pretending to be the husband of the person to whom the package was addressed.   [DE 34 at 6-7; DE 39, PSI Report at ¶15.]   Sadly, the fact that the defendant was sent to pick up **four** packages containing large amounts of cash, with early morning delivery, and the packages were sent to fictitious people in the Miami area, provides the evidence that the defendant knew or should have known that the victims who sent the packages were vulnerable.   Only vulnerable victims would be selected to send these types of packages without asking further questions until after the packages, or multiple packages, were

sent. The defendant's repeated involvement in retrieving these packages supports the position that even if he did not initially know of the vulnerability of his victims, he eventually knew or should have known of the vulnerability. *See United States v. Arguedas, 86 F.3d 1054* (11thCir. 1996) (finding that the defendant warranted "a section 3A1.1 enhancement because he learned of the vulnerability during the course of the loan fraud and thereafter continued to perpetrate the fraud against [the victim]). As such, the United States submits that based on the defendant's involvement in this offense, and the facts of this conspiracy, the defendant knew or should have known that his victims were vulnerable, and the vulnerable victim enhancement should be applied in calculating his total offense level and objects to paragraph 30of the PSI Report due to its omission.

The United States has discussed this objection with counsel for the defendant and the defendant opposes this objection and counsel for the defendant will either file a response as to this objection or address it at sentencing.

        Respectfully Submitted,

        JUAN ANTONIO GONZALEZ
        UNITED STATES ATTORNEY

By:   */s/ Kurt K. Lunkenheimer*
       KURT K. LUNKENHEIMER
       Assistant United States Attorney
       Court ID No. A5501535
       U.S. Attorney's Office - SDFL
       99 N.E. 4th Street, Suite 600
       Miami, FL 33132-2111
       Telephone: (305) 961-9008
       Facsimile: (305) 536-4699
       Email: Kurt.Lunkenheimer@usdoj.gov